

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
.ton, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 17, 1986

Mr. Robb Southerland
Chairman
Texas Commission on Alcohol
and Drug Abuse
1705 Guadalupe
Austin, Texas    78701

Opinion No. JM-564

Re:   Whether a proposed rule of the Texas Commission on Alcohol and Drug Abuse, regarding certification of DWI education programs, contravenes state or federal anti-trust laws, and related questions

Dear Mr. Southerland:

You request an Attorney General Opinion on behalf of the DWI Certification Committee. The DWI Certification Committee consists of four members, each one representing one of the following agencies: Texas Department of Public Safety, Texas Commission on Alcohol and Drug Abuse, Texas Department of Highways and Public Transportation, and Texas Adult Probation Commission. Its powers are described in section 6d, of article 42.12 of the Code of Criminal Procedure, which was enacted in 1985:

> Sec. 6d. If a person convicted of an offense under Article 6701l-1, Revised Statutes, is punished under Subsection (c) of that article and is placed on probation, <u>the court shall require, as a condition of the probation, that the defendant attend and successfully complete</u> before the 181st day after the day probation is granted <u>an educational program jointly approved by the Texas Commission on Alcoholism, the Department of Public Safety, the Traffic Safety Section of the State Department of Highways and Public Transportation, and the Texas Adult Probation Commission designed to rehabilitate persons who have driven while intoxicated.</u> The Texas Commission on Alcoholism shall publish the jointly approved rules and shall monitor and coordinate the educational programs. (Emphasis added).

<u>See</u> Acts 1985, 69th Leg., ch. 427, §1, at 1538. Article 6701l-1, V.T.C.S., defines the offense of driving while intoxicated.

The members of the DWI Certification Committee have joint authority to approve educational programs designed to rehabilitate

persons who have driven while intoxicated. The rules made by the committee in exercise of this power are published by the Texas Commission on Alcohol and Drug Abuse, the successor to the Texas Commission on Alcoholism. See Acts 1953, 53d Leg., ch. 411, at 983, repealed by Acts 1985, 69th Leg., ch. 632, at 2328. See also V.T.C.S. arts. 5561cc, 5561c-2.

You inquire about the legality of the following proposed rule before the committee:

> 153.4. Program Certification. A certificate issued under this Act expires two years from the date of issuance. A program seeking certification must comply with the provisions of this Act and with the rules, regulations and standards of the commission adopted under this Act. Programs seeking initial certification must establish that a need exists in the proposed county or counties to be served and must provide proof of support for the program from the appropriate adjudicating court(s) and probation department(s). A certificate may be issued when the commission receives a completed prescribed application form. The certificate will become effective on the date of issuance. A program shall be monitored by the commission or its designated representative prior to issuing program certification or during the two year certification period. Certified programs will be listed as potential referral schools in the Statewide DWI Education Program Directory. Non-certified programs are not eligible to receive referrals. Applications for certification are available from the Commission's Statewide DWI Education Program Director, Texas Commission on Alcohol and Drug Abuse. . . . (Emphasis added).

Your questions are as follows:

> 1. Will the proposed rule violate any provisions of the Sherman Anti-trust Act or other anti-trust legislation in Texas?

> 2. Does TCADA have authority to require, in its rules, proof of local need for a new program in each county proposed to be served? If so, may the Commission designate that such documentation of need be supplied by letters of support from referring judges in the county?

We do not believe you have authority to require proof of local need for a new program in any county; hence, we need not consider your

first question on the anti-trust implications of the "local need" requirement.

Administrative regulations issued pursuant to an agency's rule-making power must be in harmony with the general objectives of the statute. <u>Gerst v. Oak Cliff Savings and Loan Association</u>, 432 S.W.2d 702 (Tex. 1968). The purpose of article 42.12, section 6d of the Code of Criminal Procedure is to require persons placed on probation for driving while intoxicated to complete an educational program designed to rehabilitate them. This purpose is to be implemented through the education programs approved by the four agencies enumerated in the statute. The joint rule-making power of the agencies is directed at seeing that the educational programs are designed to promote rehabilitation of such persons. The committee has no authority to base its certification of an educational program on proof of a local need and local judicial support for it. It has no duty or authority to protect particular educational programs from competition or otherwise promote their economic welfare.

The provisions in section 6d on the committee's rule-making power may be contrasted with the following provisions on the Savings and Loan Commissioner's authority to approve or deny applications to incorporate under the Savings and Loan Act, article 852a, V.T.C.S.:

> (a) The commissioner may not approve an application to incorporate unless he finds that:
>
> . . . .
>
> (3) there is a public need for the proposed association, and the volume of business in the community in which the proposed association will conduct its business indicates a profitable operation is probable; and
>
> (4) the operation of the proposed association will not unduly harm any existing association.

V.T.C.S. art. 852a, §2.07.

> If an application to incorporate a new association is before the commissioner at the same time as an application for the establishment of an additional office by an existing association, both seeking to locate an office in the same community, and the principal office of the existing association is located in a different county than the community, the commissioner may give additional weight to the application having the greater degree of control vested in or held by residents of the community.

V.T.C.S. art. 852a, §2.12. The purpose of article 852a, sections 2.07(a)(3) and (4) is to prevent overzealous competition in the industry. Southwestern Savings and Loan Association of Houston v. Falkner, 331 S.W.2d 917 (Tex. 1960). Section 6d of article 42.12 of the Code of Criminal Procedure does not reveal any similar legislative concern for the educational programs designed to rehabilitate DWI offenders nor does it include specific provisions directed at implementing such an intent. See also Acts 1975, 64th leg., ch. 323, §3.10, at 832 (expired provision on criteria for issuing certificate of need for health facilities). We conclude that section 6d of article 42.12 of the Code of Criminal Procedure does not authorize the Texas Commission on Alcohol and Drug Abuse to issue rules requiring proof of local need for a new educational program to rehabilitate persons who have driven while intoxicated. We need not answer your other questions.

## S U M M A R Y

The DWI Certification Committee does not have authority under article 42.12 of the Code of Criminal Procedure, section 6d, to require proof of local need as a criteria for approving an educational program designed to rehabilitate persons who have driven while intoxicated.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General